UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LANE WRIGHT,<br><br>Petitioner,<br><br>v.<br><br>ROBERT W. FOX, Warden,<br><br>Respondent. | Case No.: 16CV2627-LAB(JMA)<br><br>**REPORT & RECOMMENDATION RE: MOTION TO DISMISS [DOC. NO. 14]** |

For the reasons set forth below, the Court recommends that the Motion to Dismiss [Doc. No. 14] filed by Respondent Robert W. Fox, Warden, be GRANTED and the Petition for Writ of Habeas Corpus [Doc. No. 1 ("Petition")] filed by Petitioner Christopher Lane Wright ("Wright") be DISMISSED with prejudice.

**I.      INTRODUCTION AND PROCEDURAL BACKGROUND**

Wright has a lengthy criminal history that involves many plea-bargained convictions dating back to 1981. *See* Mot. to Dismiss, Ex. A at 42-46.[1]

---

[1] Wright and Respondent have both provided the Court with copies of records of Wright's criminal history and related state court proceedings. *See* Doc. No. 1, Petition, pp. 7-42 of 43 and Doc. No. 14, Mot. to Dismiss, Exs. A – S3. Respondent's counsel explains some gaps exist in Wright's criminal court records, because a guilty plea often reduces punishment while

### A. *Wright's 1990 Conviction*

In July 1990, Wright was charged with several crimes in connection with two domestic violence incidents. Mot. to Dismiss, Ex. A at 43 (regarding No. CR113332). He pleaded guilty to aggravated assault, Cal. Penal Code § 245(a), and was granted probation. *Id.*

### B. *Wright's 1995 Conviction*

Thereafter, Wright violated the terms of his probation. *Id.* at 44. He was arrested and booked in San Diego County Central Jail in August 1995, at which point it was discovered he had smuggled cocaine base into the jail and hidden it in his cell. *Id.* He entered a guilty plea for the crime of possession of a controlled substance under Cal. Health & Safety Code § 11377(a) and admitted his 1990 conviction was a "strike." *Id.* (regarding No. SDC114914).) He received a prison sentence for the drug possession that was enhanced by the 1990 strike. *Id.*

In May 2003, after his release and after other crimes, Wright was charged with arson after setting two small fires during a domestic dispute. *Id.* at 45 (regarding No. SDC175183). He pleaded guilty to arson, Cal. Penal Code § 452(b), admitted he had once been to prison, Cal. Penal Code § 667.5(b), admitted the 1990 strike, and was granted probation. *Id.*

### C. *Wright's 2004 Conviction*

Just a little more than a year later, in June 2004, while he was still on probation, Wright was arrested for shoplifting. *Id.* (regarding No. SCS185202).) He pleaded guilty to burglary, Cal. Penal Code § 459, and again admitted the 1990 prior strike. His probation was revoked, and he received a four-year prison term for the 2003 conviction, as well as a thirty-two-month prison term for the

---

preventing the creation of formal appellate records. Mot. to Dismiss, p. 1. The Court has reviewed the entirety of the filings made by Wright and Respondent and finds the Court's record is sufficient to rule on the issues raised in the Motion to Dismiss.

2004 convictions. *Id*. Thus, by 2007, Wright's criminal record included a 1990 strike conviction and he had served two separate terms in prison.

### D. *Wright's 2007 Conviction*

Wright was arrested again in February 2007, after he and another individual sold cocaine base to an undercover peace officer. *Id*. at 46 (regarding SDC204979). The charges filed against him included allegations that Wright had the 1990 strike conviction and had twice gone to prison. *Id*. at 73-77 (regarding SDC204979). Wright pleaded guilty to drug transportation, Cal. Health & Safety Code § 11352(a), and selling cocaine, Cal. Health & Saf. Code § 11351.5; admitted he served two prior prison sentences; and further admitted his 1990 conviction was a strike. *Id*. at 105, ¶1, 105-07. He received a five-year sentence, but the court suspended execution and granted Wright probation. *Id*. at 104. His probation included conditions that he spend a year in county jail and he complete a rehabilitation program. *Id*. at 99-104.

### E. *Wright's 2009 & 2011 Probation Hearings*

In March 2009, Wright's probation was revoked and then reinstated as modified. *Id*. at 46 (regarding SDC204979). During a probation and sentencing hearing held on June 10, 2011, Wright admitted that he had violated his probation and been in possession of a weapon. Mot. to Dismiss, Ex. S-1, at 1-2. Wright's probation was reinstated as modified. *Id*., Ex. A at 46.

### F. *Wright's 2011 Conviction & Current Prison Sentence*

Five days later, on June 15, 2011, Wright was the subject of a car chase, when he fled from San Diego police officers who attempted to pull him over after witnessing him drive a speeding car with inoperative brake lights and make a reckless maneuver with the vehicle. *Id*. at 40-41. After leading police at high speeds on a series of South County freeways and city streets, Wright drove his vehicle into a cul-de-sac, where he was hemmed in by the pursuing police cars. *Id*. Wright then turned his car, drove towards a police officer standing near his

stopped vehicle, and rammed into the police cruiser with sufficient force to move the car ten feet. *Id.* When officers attempted to subdue and detain him, Wright repeatedly asked to be killed. *Id.* A pipe with cocaine base residue and a bottle of Vicodin were found in the vehicle and a blood test established Wright was under the influence of cocaine, amphetamine and opiates. *Id.* at 41.

In September 2011, Wright pleaded guilty to aggravated assault, admitted the 1990 strike, and agreed to a ten-year sentence for the 2011 crimes, which was based on the upper term of five years for assault, doubled to ten years due to the strike. *Id.*, Ex. A at 26; Ex. S-3 at 36. He agreed the 2011 crimes violated the terms of his 2007 probation. *Id.*, Ex. A at 148. He also agreed to a reduced term of three years and four months, based upon sixteen months for the 2007 conviction plus one-year each for the two prior terms in prison, instead of the originally imposed, but suspended, term. *Id.*, Ex. A at 26; Ex. S-3 at 37. The sentence for both convictions were to be served consecutively, for a total of thirteen years and four months in prison. *Id.* His plea deal was accepted by the trial court during a sentencing hearing held in October 2011, at which time the court sentenced Wright to incarceration for the agreed-upon term of thirteen years and four months for both the 2007 and 2011 convictions. *Id.*, Ex. S-3, at 36-40.

### G. *Wright's Appeal*

Wright then filed a notice of appeal that he later formally abandoned. *Id.*, Ex. A at 52; Ex. B. The California Court of Appeal accepted Wright's abandonment of the appeal and dismissed the case on April 25, 2012. *Id.*, Ex. B & C.

/ /
/ /
/ /
/ /

### H. *Wright's Collateral Challenges*

On July 1, 2015, Wright constructively filed[2] a habeas corpus petition in the San Diego Superior Court, challenging his sentence on the basis that it had been enhanced by prior convictions from 1996 and 2004 that were eligible to be reduced to misdemeanors by Proposition 47, a 2014 voter passed initiative. *Id.*, Ex. D; *see also* Cal. Penal Code § 1170.18. The court denied the petition on July 17, 2015, finding that although Wright's request was procedurally flawed, even if he had filed a petition for sentence modification, instead of a habeas petition, the crimes for which Wright's sentence was imposed (the 2007 cocaine sale and the 2011 aggravated assault) were not eligible for relief under Proposition 47. *Id.*, Ex. 3. The court also found both of Wright's prior terms in prison rested, at least in part, on convictions that remained felonies even after Proposition 47. *Id.*

On August 3, 2015, Wright filed a similar habeas corpus petition with the California Court of Appeal. *Id.*, Ex. F. The California Court of Appeal denied his habeas petition for many of the same reasons the Superior Court cited: e.g., Wright had not formally requested the trial court reduce his crimes under Proposition 47; until such a reduction occurred, there was no basis to consider a change to his sentence; and Wright's pleadings did not include sufficient documentary evidence for one to believe his sentence rested on crimes that all might be reduced. *Id.*, Ex. G (citing, *e.g., People v. Duvall*, 9 Cal. 4th 464, 474 (1995)).) Wright then filed a petition for habeas review with the California Supreme Court, again invoking Proposition 47. *Id.*, Ex. H. The Supreme Court issued a summary denial on January 27, 2016, citing *Duvall*. *Id.*, Ex. I.

/ /

---

[2] *See Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000) (applying "mailbox rule" which provides for the constructive filing of court documents as of the date they are submitted to prison authorities for mailing to the court). The Court utilizes constructive filing dates herein. *See also* Mot. to Dismiss, Ex. D, p. 7 of 7.

While these habeas petitions were proceeding, Wright had some success in the trial court when, on September 14, 2015, the San Diego Superior Court granted his Petition for Resentencing and reduced two of his convictions (possession of a controlled substance in jail, Cal. Health & Safety Code § 11377(a), and burglary, Cal. Penal Code § 459) to misdemeanors. *Id.*, Ex. J.

In January 2016, Wright filed another habeas corpus petition with the California Court of Appeal, in which he argued he was entitled to resentencing because the prison terms he served for the convictions that were reclassified as misdemeanors could no longer be used as a basis to enhance his current prison sentence. *Id.*, Ex. K & L. He also argued his most recent conviction must be vacated because the trial court did not advise Wright of his rights, i.e., "the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers," before accepting his stipulation regarding the prior convictions and, therefore, Wright did not properly waive these rights. *Id.*, Ex. K at 9-10 of 21.

The California Court of Appeal denied this habeas petition on January 29, 2016, holding Wright's trial rights claim was procedurally barred because, among other reasons, Wright was untimely by waiting more than four years to raise it. *Id.*, Ex. L at 1 (citing *In re Reno*, 55 Cal. 4th 428, 459 (2012) and *In re Swain*, 34 Cal. 2d 300, 302 (1949). The Court of Appeal held this claim was further barred because Wright failed to obtain the certificate of probable cause necessary to challenge the validity of a guilty plea on appeal. *Id.* at 2 (citing *In re Brown*, 9 Cal. 3d 679, 683 (1973). Relief on both claims was also denied because Wright had not provided sufficient evidence to establish the facts were as he had alleged regarding either the plea colloquy or the nature of all of his prior convictions and sentence. *Id.* at 2 (citing *Duvall*, at 474).

Wright next filed a similarly framed habeas corpus petition in the California Supreme Court. *Id.*, Ex. M. The California Supreme Court issued a summary

6

denial of this petition on May 11, 2017, citing *In re Clark*, 5 Cal. 4th 750, 767-69 (1993). *Id.*, Ex. N

On June 18, 2016, Wright constructively filed another habeas corpus petition with the California Court of Appeal, in which he reasserted his prior claims that the prison term enhancements should be vacated due to the reclassification of his convictions, and because the trial court accepted his admission of the prior conviction allegations without advising him of his trial rights on those allegations or eliciting his waiver of those rights. *Id.*, Ex. O at 9-12 of 22. He also raised a new claim, arguing prosecutors had introduced false evidence of his prior conviction. *Id.* The California Court of Appeal denied this petition on July 5, 2016, holding his claims were procedurally barred as untimely and successive. *Id.*, Ex. P. (citing *Reno*, 55 Cal. 4th at 459, 496-97, 501, *Swain*, 34 Cal. 2d at 302, and *Clark*, 5 Cal. 4th at 769).)

Thereafter, on July 16, 2015, Wright constructively filed another petition for habeas review with the California Supreme Court, again raising the false-evidence claim, and alleging trial counsel was ineffective for failing to ensure Wright's admission of the prior conviction allegations was appropriate. *Id.*, Ex. Q. The California Supreme Court denied relief on this petition on September 21, 2016. *Id.*, Ex. R (citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998), and *Clark*, 5 Cal. 4th at 467-69).

### F.  *Federal Petition*

Wright constructively filed the Petition currently before the Court on October 4, 2016,[3] in which he asserts three claims: (1) the prosecution introduced false evidence of his prior conviction; (2) the trial court wrongfully accepted Wright's admission of the prior conviction allegations without first

---

[3] *See* Petition, p. 43 of 43.

advising him of his trial rights on those allegations or eliciting his waiver of those rights; and (3) a double-jeopardy violation involving the destruction of evidence. Petition, pp. 4-5 of 43.

## II. DISCUSSION

### A. *Wright's First and Second Claims are Procedurally Defaulted*

Under the doctrine of procedural default, a federal court may not review the merits of a claim, including a constitutional claim, that a state court declined to consider because the petitioner failed to comply with a state procedural rule. *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012). So long as the decision of the state court rests on a state law ground that is "independent" of federal law and is "adequate" to support the judgment, a federal habeas court will not review a claim rejected by a state court on procedural grounds. *Beard v. Kindler*, 558 U.S. 53 (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). When the adequate and independent ground for a state court's rejection of a federal claim involves a violation of state procedural requirements, a habeas petitioner is said to have procedurally defaulted his claim, and the court cannot reach the merits of the federal claim. *Coleman*, 501 U.S. at 729-730. To do so would not only be an end run around the limitation on direct review by the Supreme Court, but would also permit avoidance of the exhaustion requirement and infringe upon "the States' interest in correcting their own mistakes." *Id.* at 730-732.

A state procedural rule is "independent" if the state law basis for the decision is not interwoven with federal law. *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2000). A state procedural rule is "adequate" if it is firmly established and regularly followed. *Walker v. Martin*, 562 U.S. 307, 316 (2011).

A habeas petitioner may obtain federal review of a procedurally defaulted claim only by demonstrating "cause" for the failure to comply with the state procedural rule and "prejudice" arising from the default. *Coleman*, 501 U.S. at 750. Adequate "cause" for a default must be an "external" factor that cannot

8

16CV2627-LAB(JMA)

fairly be attributed to the petitioner. *Id.*, at 753. If insufficient cause is shown, the Court need not reach the prejudice question. *Smith v. Baldwin*, 510 F.3d 1127, 1147 (9th Cir. 2007).

A procedural default bars consideration of a federal claim on either direct or habeas review "only if the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). Wright's first claim, that he is entitled to federal habeas relief due to the prosecution's presentation of false evidence regarding Wright's prior conviction, was raised in his third petition for habeas review that was constructively filed with the California Supreme Court on July 21, 2015. Mot. to Dismiss, Ex. Q. His second claim, in which he contends the trial court failed to advise him of his trial rights prior to his admission of the prior conviction allegations, was presented to the California Supreme Court in his second petition for habeas review. Mot. to Dismiss, Ex. M. In both instances, relief was summarily denied under *Clark* and, with respect to his second claim, relief was also denied under *Robbins*. In California, "[a] summary denial citing *Clark* and *Robbins* means that the petition is rejected as untimely." *Walker*, 562 U.S. at 313.

California's timeliness bar has been held to be independent. *See Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). In *Walker,* the U.S. Supreme Court found California's timeliness requirement for habeas petitions to be adequate as it is clearly established and consistently applied. *Walker,* 131 S.Ct at 1128-31. Therefore, the California Supreme Court's denial of Petitioner's second and third habeas petitions as untimely rests upon on a state law ground that is "independent" of federal law and is "adequate" to support the judgment, and Petitioner's first and second claims are procedurally defaulted unless he can show cause and prejudice to excuse the default, neither of which he alleges exists.

## B. *Wright's Third Claim is Procedurally Defaulted*

Wright's third claim, for double jeopardy, was not raised with the California Supreme Court at all. His failure to do so implicates the exhaustion and procedural default doctrines. *Gray v. Netherland*, 518 U.S. 152, 161-162 (1996). Title 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." The exhaustion doctrine, like the procedural default doctrine, is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless,* 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. *See Sandgathe v. Maass,* 314 F.3d 371, 376 (9th Cir. 2002).

Although Wright did not raise his double jeopardy claim with the state courts, the exhaustion requirement is satisfied, "if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law." *Grey*, 518 U.S. at 161, quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Engle v. Isaac*, 456 U.S. 107, 125-26 n.28 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); *Valerio v. Crawford*, 306 F.3d 742, 770 (9th Cir. 2002) (same), citing *Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted because 'a return to state court for exhaustion would be futile.'"); *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion;
//

there are no state remedies any longer 'available' to him."), quoting *Coleman*, 501 U.S. at 732.

Wright has already filed multiple state habeas petitions which were denied with citations to numerous procedural bars, including specifically timeliness under *Clark* and *Robbins*. Furthermore, his direct appeal has been final since May 6, 2012.[4] Because it has been over five years since his conviction became, and because the state courts have already specifically denied Wright's prior habeas petitions due to untimeliness, it is clear any attempt by Wright to return to state court at this time in order to seek further post-conviction relief with respect to his double jeopardy claim would also meet with the imposition of a procedural bar. *See Clark*, 5 Cal.4th at 797-98 (1993) ("the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied," and describing the "fundamental miscarriage of justice" exception to that rule); *See also Huynh v. Lizarraga*, 2016 U.S. Dis. LEXIS 67489 *7 (S.D. Cal., Mar. 1, 2016) (petitioner's habeas claim was procedurally defaulted where it was clear any attempt to return to state court would meet a procedural bar under *Clark*).

### C. *Wright's Federal Habeas Petition was Untimely Filed*

Wright's federal habeas petition also runs afoul of the AEDPA's statute of limitations, which applies to his presentation of claims in this Court. *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1286-87 (9th Cir. 1997), as amended on denial of rhg. and rhg. en banc, cert. denied, 522 U.S. 1099 (1998), overruled on other grounds in *Calderon v. U.S. District Court*, 163 F.3d 530 (9th Cir. 1998), cert. denied, 523 U.S. 1063 (1999). Pursuant to 28 U.S.C. § 2244(d)(1):

//

---

[4] *See* section II.C, *infra*, p. 11, re: Cal. R. Ct. 8.366(b)(2)(B) and Cal. R. Ct. 8.500(e)(1).

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, subparagraphs (B) through (D) plainly are not applicable, and Wright has provided no argument that they apply. Thus, subparagraph (A) of 28 U.S.C. § 2244(d)(1) applies to his claims. Since Wright did not pursue direct review with the California Supreme Court, the conclusion of direct review is tied to the Court of Appeal's acceptance of Wright's abandonment of the appeal and dismissal of the case on April 25, 2012. The Court of Appeal's decision became final on that day. Cal. R. Ct. 8.366(b)(2)(B). At that point, Wright had only ten days to file a petition for review with the California Supreme Court. Cal. R. Ct. 8.500(e)(1). He did not, so his judgment became final on Monday, May 6, 2012, when the time for him to seek such review expired. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-654 (2012). The federal statute of limitations under 28 U.S.C. § 2244(d), then began to run and expired one year later,

on Monday, May 6, 2013, absent circumstances that would merit statutory or equitable tolling.

### *Statutory Tolling*

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "An application for post-conviction review is pending while a California petitioner completes a full round of state collateral review, including during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Waldrip v. Hall*, 548 F.3d 729, 724 (9th Cir. 2008) (citations and internal quotations omitted, emphasis in original). In California, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189, 193 (2006) (citing *Carey v. Saffold*, 536 U.S. 214, 222-23 (2002)).

Here, Wright did not file his first state habeas petition until July 1, 2015, well after the AEDPA statute of limitations ended. Thus, the pendency of that petition, or any other habeas petition filed subsequently by Wright, could not toll the already-expired limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (finding that statutory tolling is not available when first state habeas petition is filed after the AEDPA limitations period has expired). Statutory tolling cannot revive a limitations period that has already ended; it can only serve to pause a clock that has not already run. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Patterson*, 251 F.3d at 1247. Once the federal limitations period has ended, the filing of a state habeas petition cannot revive it. *Ferguson*, 321 F.3d at 823; *Jiminez*, 276 F.3d at 482.

Therefore, none of Wright's collateral filings had any effect on the AEDPA statute of limitations as they were each filed after the statute of limitations had expired on May 6, 2013, and his federal petition is time-barred unless he is entitled to equitable tolling.

### *Equitable Tolling*

Equitable tolling of the one-year statute of limitations on habeas petitions is permitted in the Ninth Circuit, but a petitioner bears the burden of showing that equitable tolling is appropriate. *Espinoza-Matthews v. State of California*, 432 F.3d 1021, 1026 (9th Cir. 2005). In order to receive equitable tolling, Wright must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Equitable tolling is available only if some "external force" beyond the Petitioner's direct control caused the untimeliness. *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Wright has not set forth any facts or arguments that equitable tolling should apply, and thus he has not demonstrated diligence or extraordinariness. Accordingly, the AEDPA's statute of limitations should not be equitably tolled in his case.

### III.   **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS Respondent's Motion to Dismiss be GRANTED and the Petition be DISMISSED WITH PREJUDICE. This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. 636(b)(1).

/ /

IT IS ORDERED that no later than **July 28, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **August 4, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 11, 2017

Honorable Jan M. Adler
United States Magistrate Judge