UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LANE WRIGHT,<br><br>Petitioner,<br><br>v.<br><br>ROBERT W. FOX, Warden,<br><br>Respondent. | Case No.: 16cv2627-LAB (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Christopher Lane Wright, a prisoner in state custody, filed his petition for writ of habeas corpus under 28 U.S.C. §2524. Respondent moved to dismiss, and the motion was referred to Magistrate Judge Jan Adler for a report and recommendation. On July 11, Judge Adler issued his report and recommendation (the "R&R"), recommending that the petition be denied both because Wright's claims are procedurally defaulted and because his federal petition is untimely by several years. Wright filed no objections to the R&R.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id.*

The R&R's factual findings include the procedural history of Wright's claims. Among other things, they show that Wright's conviction become final on April 25, 2012, when the California Court of Appeal accepted his formal abandonment of his appeal and dismissed the case. He waited over three years before filing anything else in state court. When he finally filed a series of habeas petitions in state court, they were denied.

The Court **ADOPTS** the R&R's unobjected-to factual findings. These would, standing alone, show that Wright's petition is time-barred under AEDPA by several years. The Court also agrees with the R&R's conclusion that Wright's claims are procedurally defaulted. Of his three petitions, the first and second raised only state-law claims which are not cognizable on federal habeas review.[1] The third was denied with citations to *In re Robbins*, 18 Cal.4th 770, 780 (1998) and *In re Clark*, 5 Cal.4th 750, 767–69 (1993). These signals that the petition is being denied as untimely.[2] *Walker v. Martin*, 562 U.S. 307, 313 (2011) ("A summary denial citing *Clark* and *Robbins* means that the petition is rejected as untimely.")

Wright's first and second claims were mentioned only in a petition rejected as untimely and were therefore never properly presented to the California Supreme Court. His third claim was never presented to that court at all.

---

[1] The first petition (Mot. To Dismiss, Ex. H) mentioned federal rights only in connection with Wright's tardy filing; he asked that his delay in seeking a modification of his sentence be granted, in part, because it was required by federal Due Process, Equal Protection, and the Eighth Amendment. (Docket no. 14-10 at 11.) The remainder of his claim is based on provisions of state law that, he argued, entitled him to a sentence reduction. The second petition (Mot. To Dismiss, Ex. M) repeats the same arguments. (Docket no. 14-15 at 11.)

[2] The cited portion of *Robbins* specifically addresses substantial delay. The pincite to *Clark* suggests that the petition was also rejected as repetitious or piecemeal.

The Court agrees with the R&R's determination that, besides being untimely, Wright's claims are all procedurally defaulted.

The Court **ADOPTS** the R&R and **GRANTS** Respondent's motion to dismiss. The petition is **DENIED**. A certificate of appealability is **DENIED**.

IT IS SO ORDERED.

Dated: August 10, 2017

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge